IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Donnell Hurt,<br>    Petitioner, | )<br>)<br>) |
| v. | )   1:14cv291 (LO/IDD) |
| Dir., Cent. Va. Reg'l Jail,<br>    Respondent. | )<br>)<br>) |

MEMORANDUM OPINION AND ORDER

Donnell Hurt, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 arguing that he was denied due process in the determination to revoke his parole. On June 11, 2014, respondent filed a response to the petition. Hurt was provided the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),[1] and has not filed a response. After careful review of the parties' submissions, Hurt's petition must be dismissed because it is clear that this petition is now moot.

I. Background

Hurt is currently serving a 55 year sentence for murder II while armed and grand larceny, imposed by the Superior Court of the District of Columbia on May 19, 1983.[2] Resp. Ex. 1 at 5-6. On April 29, 2003, Hurt was paroled. Thereafter, his parole was revoked and then reimposed on December 30, 2005. Id. at 4, 7. Hurt was to remain on parole supervision until the full term date of his sentence, July 1, 2039. Id. at 4.

On April 9, 2009, the United States Parole Commission ("USPC") issued a warrant for Hurt's arrest after receiving information that Hurt failed to comply with the conditions of his parole. Resp. Ex. 2. After the warrant had issued but before it was executed, Hurt was convicted

---
[1] Plaintiff was provided this notice by the Court's April 21, 2014 Order. ECF No. 4.
[2] The Superior Court also sentenced Hurt to 350 days in prison for petit larceny.

of possession of a prohibited weapon and possession of a concealed weapon and sentenced to 15 years in prison by the Arlington County, Virginia, Circuit Court. Id. at 5. The USPC warrant was lodged as a detainer while Hurt completed the Commonwealth's sentence.

After Hurt completed his state sentence, the United States Marshals Service executed the arrest warrant and on January 21, 2014, returned Hurt to the custody of the USPC.

Hurt filed the instant petition on or about March 4, 2014. On April 10, 2014, the USPC notified Hurt that he would be transferred to an institution at which the Commission would conduct a parole revocation hearing because it had found that Hurt had violated the conditions of his parole connected to his Murder II and grand larceny sentence. Resp. Ex. 3 at 1-2.

On May 5, 2014, Hurt accepted an expedited revocation proposal from the USPC. Resp's Ex. 4. In doing so, Hurt accepted responsibility for his parole violations, waived his right to a revocation hearing, and consented to the sanction proposed by the USPC. Id. On May 21, 2014, the USPC revoked Hurt's parole based on, in part, the severity of his criminal conduct, which involved two concealed weapons: a knife and a brass knuckle. Resp's Ex. 5.

## II. Parties' Arguments

Hurt filed his petition arguing that he was denied due process during his parole hearing because he did not receive a "notice of action" or a formal hearing. Handwritten Pet. 4. Respondent responds by arguing that Hurt's acceptance of the revocation of his parole without a hearing renders Hurt's argument moot. Resp. 5.

## III. Analysis

It is well-settled that federal courts may only adjudicate cases or controversies under Article III of the Constitution. See Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997) ("One of the bulwark principles of constitutional law is the 'cases' or 'controversies'

requirement for justiciability referred to in Article III."). To that end, "[t]he Supreme Court has developed a number of constitutional justiciability doctrines from the text of Article III, Section 2, including the prohibition against advisory opinions, the political question doctrine, and the doctrines of standing, ripeness, and mootness" to preserve the constitutionally mandated separation of powers, conserve judicial resources, improve judicial decisionmaking by requiring concrete controversies, and promote fairness by generally prohibiting the adjudication of the rights of parties not before a court. United States v. McClure, 241 Fed. Appx. 105, 107 (4th Cir. 2007). Consistent with these general principles, the mootness doctrine requires that a claimant suffer an injury-in-fact or continuing collateral consequence that is fairly traceable to the challenged action or decision, and that a favorable decision would be likely to redress the injury. See Townes v. Jarvis, 577 F.3d 543, 554 (4th Cir. 2009). In sum, where a favorable decision by the court would not redress a claimant's injury, then a case is moot and there is no jurisdiction.

Hurt's petition sought relief from the alleged denial of his due process rights, which was based on being deprived of a parole hearing. Pet. 4. Based on the uncontested evidence, however, it is undisputed that Hurt agreed to the revocation of his parole without a hearing by accepting an expedited revocation proposal on May 5, 2014. Resp's Ex. 5. As such, this petition is now moot because Hurt is not entitled to the relief this Court could provide: that is, a parole revocation hearing; thus, a favorable decision by the Court would not redress his alleged injury. See Townes, 577 F.3d at 554. Further, as the USPC has issued a decision to revoke Hurt's parole, there is no longer a "live" case or controversy for the Court to adjudicate. See Townes, 577 F.3d at 554. Thus, this Court lacks jurisdiction to hear plaintiff's claim and the case must be dismissed.

Accordingly it is hereby

3

ORDERED that petitioner's petition be and is DISMISSED FOR LACK OF JURISDICTION.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate. Failure to timely file a notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner as well as to counsel of record for the respondent and to close this civil case.

Entered this 20th day of August 2014.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge